UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY CRISCITELLO,<br><br>Plaintiff,<br><br>-against-<br><br>CREDITORS FINANCIAL GROUP, LLC,<br><br>Defendant. | **VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, Amy Criscitello ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Verified Complaint against Defendant, Creditors Financial Group, LLC ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiffs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Parties

2. Plaintiff is a natural person residing in the Binghamtom, Broome County County, New York.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a New York company having its principal place of business located in Buffalo, Erie County, New York.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiffs.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business and is principally located in the state of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls Plaintiff on her home 607-797-3547 and cell phone 607- 316-1438.

13. Defendant calls Plaintiff from 877-298-2251.

14. One of Defendant's representatives, Cheryl, told Plaintiff that Defendant would "harm her credit report" if Plaintiff did not set up a payment plan.

15. Defendant told Plaintiff that non payment would result in "wage garnishment."

16. Defendant told plaintiff that they would "take her to court" and that Defendant "always wins."

17. Defendant calls Plaintiff and does not provide meaningful disclosure of the caller's identity.

## CLAIM FOR RELIEF

18. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692(d) of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

   c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity by calling Plaintiff and hanging up the phone;

   d. Defendant violated §1692e(4) of the FDCPA by representing that nonpayment of Plaintiff's alleged debt would result in wage garnishment;

   e. Defendant violated §1692e(5) of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action and;

   f. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing that Defendant would garnish Plaintiff's wages and take Plaintiff to court.

19. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. *See* Exhibit A hereto.

20. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

21. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2) Actual damages

(3) Statutory damages pursuant to 15 U.S.C. § 1692k

(4) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated: August 27, 2009

KROHN & MOSS, LTD.

By: /s/ Adam T. Hill
Adam T. Hill (515619)
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-802-0021
ahill@consumerlawcenter.com
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Amy Criscitello, hereby demand a jury trial in this matter.

# VERIFICATION

STATE OF NEW YORK)
:ss.:
COUNTY OF BROOME)

Plaintiff, AMY CRISCITELLO, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, AMY CRISCITELLO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 08/27/09

_____
Amy Criscitello

# EXHIBIT A

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — **YES** / NO
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — **YES** / NO
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: They are just down right rude and unprofessional. I don't even understand how that can even be a legit business. The way I was spoken to by the Vice President who I believe was Scott Ebert (but not 100% sure) was horrific he had me crying and screaming into the phone. He was VERY DISRESPECTFUL!

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 08/27/09

Signed Name: Amy J Criscitello

Printed Name: Amy J Criscitello